# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:18-cv-08391-JFW-KES | Date: October 3, 2018 |

Title: ANDRE LAMONT SWAFFORD v. D. ASUNCION, Warden

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     Order to Show Cause Why the Petition Should Not Be Dismissed as Unexhausted

On September 28, 2018, the Court received a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition" at Dkt. 1) from Andre Lamont Swafford ("Petitioner").

The Petition challenges Petitioner's 2015 conviction for second degree murder. (Pet. at 2 ¶ 2.) The Petition is captioned as a "Protective Federal Petition" and indicates that Petitioner has not presented any claims yet to the California Supreme Court. (Pet. at 4 ¶ 3 [indicating Petitioner did not file a petition for review in the California Supreme Court]; id. at 3-4 ¶ 6 [indicating Petitioner has a habeas petition pending in the Los Angeles County Superior Court and has not filed any other habeas petitions].) See generally O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999) (federal exhaustion requires that claims have been presented to the California Supreme Court).

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a § 2254 petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year limitations period for federal habeas review. Id. at 273-75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner

intentionally engaged in dilatory tactics.  Id. at 278.[1]

**On or before October 31, 2018**, Petitioner shall (1) file a motion for stay, addressing why he satisfies the three parts of the Rhines test described above, or (2) file a response to this order to show cause explaining why he believes his claims are exhausted for purposes of federal habeas review.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD

---

[1] Because the Petition is wholly unexhausted, the stay-and-abeyance procedure described in Kelly v. Small, 315 F.3d 1063, 1068 (9th Cir. 2002) is not available.